HOROWITZ, Appellant, v. SMITH, Respondent. (Supreme Court, Appellate Term. June, 1901.) Action by Adolph Horowitz against Charles F. Smith. J. R. Tressider, for appellant. J. E. Brodsky, for respondent.

PER CURIAM. A review of the testimony shows that the court below, upon conflicting evidence as to the status and authority of Skinner, found in favor of the defendant. That conclusion necessarily resulted in a judgment for the defendant, and we are disinclined to disturb it, in face of the conflict in the proofs. Judgment affirmed, with costs.

HOUGHTON, Rspondent, v. DE HART, Appellant, et al. (Supreme Court, Appellate Division, Second Department. October 4, 1901.) Action by Frank R. Houghton against John De Hart, impleaded with others. No opinion. Motion granted, without costs, and order resettled.

HUGHES, Respondent, v. MARTIN, Appellant. (Supreme Court, Appellate Term. June, 1901.) Action by Albert Hughes against Charles Martin. S. G. Derrickson, for appellant. Jeroloman & Arrowsmith, for respondent.

PER CURIAM. The indisputable evidence showed that defendant, under an assumed name, employed the plaintiff as a broker in realty to perform services for him. Those services were rendered, and the defendant failed to pay the regular commission. We think the judgment awarded for such commission is correct. Judgment affirmed, with costs.

INGLESE v. NEW YORK & S. I. ELECTRIC CO. (Supreme Court, Appellate Division, First Department. October 18, 1901.) Action by Antonio Inglese against the New York & Staten Island Electric Company. No opinion. Motion granted, with $10 costs.

INSKY, Respondent, v. MACHAT, Appellant. (Supreme Court, Appellate Term. June, 1901.) Action by Solomon Insky against Benjamin Machat. M. M. Greenstein, for appellant. E. Rosenthal, for respondent.

PER CURIAM. The infirmity in the trial, whereof this judgment is the result, is that there is no proof that defendant ever satisfied the debt after having reached majority. The only evidence is that he made a promise to one Schwartz in the summer of 1900. The defendant was born June 5, 1879. So the promise may have been made prior to June 5, 1900. Judgment reversed, and new trial ordered, with costs to abide event.

IRVING SAV. INST. v. ROBINSON et al. (two cases). (Supreme Court, Appellate Division, First Department. October 18, 1901.) Action by the Irving Savings Institute against Julius A. Robinson and others. No opinion. Motion granted, with $10 costs.

JACKSON, Appellant, v. BULIFANT et al., Respondents. (Supreme Court, Appellate Term. June, 1901.) Action by Joseph L. Jackson against Joseph Bulifant and others. Howard Ellis, for appellant. Vincent Rosemon, for respondents.

PER CURIAM. All of the sales, except those to Worth & Co. and Lewis Marks, were evidenced by written sales notes drawn by plaintiff himself. From these sales notes it appears that the so-called sales were conditional upon the buyer's approval of the goods. They did not approve them, and consequently no sale was effected. The plaintiff earned no commissions upon these transactions. As to the Worth and Marks items, the evidence was conflicting, and we see no reason to disturb the finding of the justice. Judgment affirmed, with costs.